Dear Mr. Dominick:
Reference is made to your recent request for an opinion of this office regarding the use of a portion of the proceeds of a dedicated 1/2% sales and use tax approved by the voters of the Town of Vivian for the purposes specified in a tax proposition, the pertinent provisions of which provide:
 ". . . the proceeds of said tax . . . to be dedicated and used for the following purposes, viz:
 50% for constructing, acquiring, improving and/or maintaining Industrial Parks and buildings and equipment to induce the location of industry in the Town . . ."
Specifically, you have asked this office to advise whether the proceeds of the tax dedicated as set forth above can be allocated to the Ward II Industrial Park (the "Park"), which Park is owned by the Caddo Parish Commission and the Caddo Parish Industrial Development Corporation, and which Park is located approximately one mile outside of the Town's corporate limits.
Please be advised that R.S. 39:704 provides that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. This office has consistently determined that sales and use tax revenues must be used in accordance with the will of the electorate, as set forth in the proposition. Attorney General's Opinions Nos. 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
In Police Jury of the Parish of Acadia v. All Taxpayers, et al.,
(La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied, the issue before the court was whether the language in a sales tax proposition which dedicated the proceeds of a tax "for the purpose of paying the costs of constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the District" was broad enough to enable the Parish to import out-of-parish waste to the Parish landfill. The Court held that, while the tax proposition was silent regarding whether out-of-parish waste can be disposed of at the landfill, it, nevertheless, did not constitute affirmative authority for such activity. In so holding, the Court stated:
 "It is [a] familiar principal that laws authorizing taxation are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
Based upon the foregoing, it is the opinion of this office that the sales tax proceeds in question must be used in accordance with the terms "to induce the location of industry in the Town", as required by the tax proposition quoted herein. As such, the tax proceeds in question must be used for industrial parks which are actually located or to be located within the corporate limits of the Town of Vivian.
We trust the foregoing to be of assistance. Please do not hesitate to contact us I we can be of assistance to the Town of Vivian in the future.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv